FILED

AUG 2 7 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**
9 **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11 GARY E. KING,<br>Inmate Booking No. 14740027 | Civil No. 15cv1271 BEN (PCL) |
| 12 | |
| 13 Plaintiff, | **ORDER DISMISSING CIVIL** |
| 14 vs. | **ACTION WITHOUT PREJUDICE**<br>**FOR FAILING TO PAY** |
| 15 DONALD RUMSFELD, | **FILING FEE REQUIRED**<br>**AND/OR FAILING TO MOVE TO** |
| 16 Defendant. | **PROCEED *IN FORMA PAUPERIS*** |

17        Plaintiff Gary King, proceeding *pro se*, is currently incarcerated at the San

18 Diego Central Jail located in San Diego, California. Plaintiff filed documents using

19 San Diego County Sheriff's Department inmate stationary. (Doc. No. 1). Because

20 Plaintiff is proceeding without counsel, the Court has liberally construed this as an

21 attempt to commence a civil action. *See Karim-Panahi v. L.A. Police Dept.,* 839

22 F.2d 621, 623 (9th Cir. 1988) (concluding that where a plaintiff appears in propria

23 persona, the Court must construe his pleadings liberally and afford plaintiff any

24 benefit of the doubt).

25 **I.        Failure to Pay Filing Fee or Request *In Forma Pauperis* ("IFP") Status**

26        All parties instituting any civil action, suit or proceeding in any district court

27 of the United States, except an application for writ of habeas corpus, must pay a filing

28

1  fee of $400. *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a party's
2  failure to pay this filing fee only if the party is granted leave to proceed IFP pursuant
3  to 28 U.S.C. § 1915(a).  However, if the plaintiff is a prisoner and he is granted leave
4  to proceed IFP, he remains obligated to pay the entire fee in "increments," *see*
5  *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his
6  action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v.*
7  *Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

8       Plaintiff has not prepaid the $400 fee required to commence a civil action, nor
9  has he submitted a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).  Thus, the
10 case cannot yet proceed. *See* 28 U.S.C. § 1914(a).  Although Plaintiff filed his prison
11 certificate, he failed to file an actual motion.  Also, Plaintiff did not file a "certified
12 copy of the trust fund account statement (or institutional equivalent) for the prisoner
13 for the 6-month period immediately preceding the filing of the complaint. . . ." 28
14 U.S.C. § 1915(a)(2).

15 **II.    Conclusion and Order**

16      For the reasons set forth above, the Court:

17      (1)    **DISMISSES** this action without prejudice for failing to pay the $400
18 civil filing and administrative fee or submit a Motion to Proceed IFP pursuant to 28
19 U.S.C. §§ 1914(a) and 1915(a); and

20      (2)    **GRANTS** Plaintiff **45** days leave from the date this Order is filed to:
21 (a) prepay the entire $400 fee; *or* (b) complete and file a Motion to Proceed IFP
22 which includes a certified copy of his trust account statement for the 6-month period
23 preceding the filing of his Complaint.[2] *See* 28 U.S.C. § 1915(a)(2); CivLR 3.2(b).

24
25      [1]  In addition to the $350 statutory fee, all parties filing civil actions on or after
   May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a)
26 (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1,
   2013).  However, the additional $50 administrative fee is waived if the plaintiff is
27 granted leave to proceed IFP. *Id.*

28      [2]  Plaintiff is cautioned that if he chooses to proceed further by either pre-paying
   the full $400 civil filing fee, or submitting a properly supported Motion to Proceed IFP,
   his Complaint will be screened before service upon any defendant and may be dismissed

1    **IT IS FURTHER ORDERED** that the Clerk of the Court will provide

2    Plaintiff with this Court's approved form "Motion and Declaration in Support of

3    Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $400

4    civil filing fee or complete and submit the enclosed Motion to Proceed IFP within

5    that time, this action will remain dismissed without prejudice and without further

6    Order of the Court.

7    In addition, the Clerk of Court is directed to mail Plaintiff a blank court

8    approved civil rights complaint form and a blank court approved petition for writ of

9    habeas corpus form.

10   DATED: August 26, 2015

11                                              HON. ROGER T. BENITEZ
                                                United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25   _____

26   pursuant to 28 U.S.C. §§ 1915A(b) or 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122,
     1126-27 (9th Cir. 2000) (en banc) (noting that § 1915(e) "not only permits but requires"
27   the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous,
     malicious, fails to state a claim, or seeks damages from defendants who are immune); *see*
28   *also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar
     screening required by § 1915A of all complaints filed by prisoners "seeking redress from
     a governmental entity or officer or employee of a governmental entity.").

15cv1271 BEN (PCL)